CHICAGO—FIRST DISTRICT—MARCH, 1918.     65

Connors v. Nat'l Council, K. & L. of Security, 210 Ill. App. 65.

Katherine Connors, Appellee, v. National Council,
Knights and Ladies of Security, Appellant.

Gen. No. 23,351.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH
B. DAVID, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1917. Reversed and remanded. Opinion filed
March 13, 1918.

## Statement of the Case.

Action by Katherine Connors, plaintiff, against
National Council, Knights and Ladies of Security, a
corporation, defendant, to recover on a benefit cer-
tificate issued by defendant to plaintiff's brother,
Joseph M. Maher, deceased, for $1,200. From a judg-
ment for plaintiff for $1,200 and interest, defendant
appeals.

A. W. FULTON, for appellant.

BARNHARDT & STAFFORD, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the
court.

## Abstract of the Decision.

1. INSURANCE—*when evidence that applicant stated that he had
no dead brother is erroneously stricken out.* Evidence that in
sured stated in his application for insurance that he had no
dead brother was material to the issue and was erroneously
stricken out, in an action to recover on the benefit certificate,
where the evidence tended to show that he had at the time he
applied for the insurance a deceased brother, as, if he fraudulently
made false answers to questions in his application that he had
no brother dead for the purpose of inducing the defendant to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.
    Vol. CCX 5

Connors v. Nat'l Council, K. & L. of Security, 210 Ill. App. 65.

issue to him the certificate, there could be no recovery thereon, whether his answer be considered a warranty or a representation.

2. INSURANCE, § 752*—*what considered in determining fraud in answer in application.* As bearing on the question whether an untruthful answer to a question asked of an applicant for benefit insurance in his application was fraudulently made, the question of the materiality of the answer should be considered.

3. INSURANCE, § 897*—*when materiality of answers to questions in application question of law.* The question of the materiality of answers to questions asked of an insurance applicant in his application is generally one of fact, but may become one of law when all reasonable minds would arrive at the conclusion that the answers were material.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.